IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

BANCO POPULAR DE PUERTO
RICO,

                            Plaintiff,       CASE NO. 2011-20

v.

GLEMIS RIVIERE and MARILYN
RIVIERE,

                            Defendants.

**MEMORANDUM AND ORDER**

Before the Court is plaintiff's motion to appoint a receiver for real property that is the subject of this debt and foreclosure action. Plaintiff seeks the appointment of a receiver based on a provision in the mortgage that provides for the appointment of a receiver in the event of an action for foreclosure.  Also, plaintiff contends that the appointment of a receiver is required "to maintain, preserve, and manage . . . [the property] and [to] receive all earnings and rent accruing . . . until the foreclosure sale."[1]

Entitlement to a receiver is not automatic: "'[t]he appointment of a receiver is an equitable remedy of rather drastic nature available at the discretion of the Court . . . .'"[2]  In

_____

[1] Amended Memorandum in Support of Motion for Appointment of Receiver, p. 2.

[2] *National Investors Pension Insurance Company v. Bayside Resort, Inc.,* 1984 WL 2849, *2 (D.V.I. 1984)(quoting *Mintzer v. Arthur L. Wright Co.*, 263 F.2d 823 (3d Cir. 1959)).

*Banco Popular de Puerto Rico v. Riviere*, *et al.*
Civil No. 2011-20
Page 2 of 3

determining whether to appoint a receiver, in addition to looking at whether there exists an express provision in the loan documentation regarding entitlement to a receiver, the Court must weigh numerous factors with respect to the particular equities of the matter and the circumstances surrounding the loan and the default.[3]  These "other factors to be considered by the court include 1) whether the security is adequate to cover the debt, 2) whether the mortgagor is insolvent, 3) whether there exists in the mortgage instrument a pledge of rent and profits to the mortgagee, 4) whether waste has been committed, 5) or whether the security is endangered by nonpayment of taxes."[4]  In the Third Circuit,

> [c]ourts exercise their discretion for the appointment of receivers when the existence of grounds and conditions prerequisite for such relief are shown.  Because the remedy interferes with the defendant's property rights these grounds, in the absence of statute, require the existence of some legally recognized right held by the creditor in the debtor's property amounting to more than a mere claim against the debtor.[5]

This Court has previously rejected the appointment of receivers

---

[3]  *National Investors, supra,* at *2, cited with approval in *Mortgage Electric Registration System, Inc. v. Patock*, 2009 WL 1421295, at *6 (D.V.I. 2009).

[4]  *National Investors*, at *2.

[5]  *Mintzer v. Arthur L. Wright & Company,* 263 F.2d 823, 824-25 (3d Cir. 1959).

*Banco Popular de Puerto Rico v. Riviere*, *et al.*
Civil No. 2011-20
Page 3 of 3

based solely on "mortgage stipulations providing therefor upon the default of the mortgagor."[6]

Plaintiff relies on the provision in the mortgage, and the belief that there are paying tenants residing at the property whose rent defendant is collecting and not forwarding to the plaintiff, as the basis for the Court to appoint a receiver. However, plaintiff has not offered any evidence that establishes that waste is being committed, that defendant is insolvent, that the defendant has not been paying the property taxes, or that the value of the property is inadequate to cover the debt. Because the appointment of a receiver under the circumstances presented here is generally not favored, this Court, like the Court in *National Investors Pension Insurance Company,* will deny plaintiff's motion without prejudice for failure to address the above-referenced factors.

For the foregoing reasons, plaintiff's motion to appoint a receiver is DENIED without prejudice.

S\\_____
**RUTH MILLER**
United States Magistrate Judge

---

[6]  *National Investors Pension Insurance Company,* 1984 WL 2849, at *2; see also *Mortgage Electric Registration System, Inc.,* 2009 WL 1421295, at *6.